N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 3:03-cr-250 |
| | ) | |
| v. | ) | GOVERNMENT'S REPORT |
| | ) | OF RESISTANCE TO § 3582 |
| MARLON JERMAINE CHAMBERLAIN, | ) | MOTION FOR REDUCTION |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America and for its report of resistance to any future motion filed by defendant pursuant to 18 U.S.C. § 3582(c)(2) states as follows:

On October 6, 2008, the United States Probation Office submitted a Memorandum to the Court by Jason Abendroth, United States Probation Officer. In the Memorandum, the Probation Office concluded that the defendant was not eligible for amendment under 18 U.S.C. § 3582(c)(2), because the defendant's sentence was not based on the drug tables revised by the retroactive guidelines amendment, but were based on the still-effective statutory minimum sentence. This conclusion is a correct interpretation of the law and the facts applicable to defendant's case. The defendant has not yet filed a motion under § 3582, but in the interest of expediting matters, the United States is filing this report of its resistance to any such motion.

The revised version of USSG §1B1.10 emphasizes that a defendant may only take advantage of the relief section 3582(c)(2) offers if Amendment 706 or another amendment listed in §1B1.10(c) actually affects the defendant's Guideline range. *Id.* Subsection (a) reads:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

>   (2) <u>Exclusions</u>.—*A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—*
>
>   ....
>
>   (B)   *an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range*.

*Id.* (emphasis added).  The commentary to this provision adds, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment)*." *Id.* comment. (n.1(A)) (emphasis added). Accordingly, the Eighth Circuit Court of Appeals has denied reductions under Amendment 706 when the defendant was subject to a statutory minimum sentence higher that the guideline range. *See United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008); *United States v. McGuire*, 524 F.3d 891 (8th Cir. 2008).

   In this case, the defendant's guideline range is not affected by the retroactive amendments. At the original sentencing proceeding, the PSR determined that the guideline range, pursuant to USSG §2D1.1 and other provisions, was 188-235 months.  (PSR ¶ 32.)  However, the defendant faced a statutory mandatory minimum sentence of 240 months.  (PSR ¶ 33.)  Based on the above mentioned imprisonment range the defendant was sentenced to 240 months.  On June 25, 2008, the government filed a motion permitting a departure below the mandatory minimum range, based on the defendant's substantial assistance in the investigation or prosecution of others.  The Court granted the motion, and imposed a sentence of 140 months' imprisonment.

As a matter of law, the defendant's guideline range at the original sentencing proceeding was 240 months, i.e., the statutory mandatory minimum. USSG §5G1.1(b) provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. *Peters,* 524 F.3d at 907.

Consequently, at this time, the defendant's guideline calculation remains identical. Even if the crack amendments would otherwise reduce the USSG §2D1.1 offense level by two levels, by operation of the unaffected USSG §5G1.1(b), the final guideline range remains exactly what it was at the time of the original sentencing proceeding: the mandatory minimum term of 240 months. This Court has already resolved the appropriate extent of a substantial assistance departure from that guideline range, and, pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, no further action is permitted.

Stated differently, if the retroactive crack amendments had been in effect at the time of the defendant's original sentencing, the mandatory minimum still would have controlled, and the defendant would have arrived at the sentencing hearing with the same guideline range, i.e., the mandatory minimum. Sections 3582(c)(2) and 1B1.10 do not permit a defendant seeking relief pursuant to a retroactive amendment to be placed in a better position than he would have been in had the crack amendments been in place at the time of the original sentencing. If the defendant does file such a motion and raises issues not addressed by this report, the United States respectfully requests that it be given an opportunity to respond, but otherwise, the United States will stand on the positions set forth in this report of its resistance.

WHEREFORE, the United States respectfully requests that defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582 be summarily denied.

DATED this 9th day of October, 2008.

        Respectfully Submitted,

        Matthew G. Whitaker
        United States Attorney

By:   /s/ *Nicole M. Proesch*
      Nicole M. Proesch
      Special Assistant U.S. Attorney
      U.S. Courthouse Annex, 2nd Floor
      110 E. Court Avenue
      Des Moines, Iowa 50309
      Tel: (515) 473-9300
      Fax: (515) 473-9292
      Email: Nicole.Proesch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I did on this 9th day of October, 2008 electronically file the foregoing with the Clerk of Court using the EFC system which will send notification of such filing to the following:

Christopher Cooklin, Defense Counsel

        \s\ K. Ramirez
        Paralegal Specialist